

Aug 20, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 14-80140-CR-MARRA/MATTHEWMAN

Case No. _____

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 2320(a)
18 U.S.C. § 2320(a)(4)
18 U.S.C. § 922(g)(1)
21 U.S.C. § 853
18 U.S.C. § 2320(c) and 2323

UNITED STATES OF AMERICA

vs.

FRANK FIORE,
GARY LEE JONES, and
ANTHONY CARBONE,

   Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Possess Controlled Substances with Intent to Distribute

From in or around January 2014 through in or around July 2014, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**FRANK FIORE,
GARY LEE JONES, and
ANTHONY CARBONE,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the grand jury to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of

Title 21, United States Code, Section 846.

With respect to defendants **FRANK FIORE** and **ANTHONY CARBONE**, the controlled substances attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, include 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

With respect to defendants **FRANK FIORE** and **ANTHONY CARBONE**, the controlled substances attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, include Schedule III controlled substances, that is, Boldenone Undecylenate, Nandrolone Decanoate, Testosterone Cypionate, Testosterone Decanoate, Testosterone Enanthate, Testosterone Isocaproate, Testosterone Phenylpropionate, Testosterone Propionate, Trenbolone Acetate, Trenbolone Enanthate, in violation of Title 21, United States Code, Section 841(b)(1)(E).

With respect to all the defendants, the controlled substances attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, include a Schedule IV controlled substance, that is, Alprazolam, in violation of Title 21, United States Code, Section 841(b)(2).

## COUNT 2
### Conspiracy to Traffic in Counterfeit Drugs

From in or around January 2014 through in or around July 2014, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**FRANK FIORE,
GARY LEE JONES, and
ANTHONY CARBONE,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the grand jury to intentionally traffic in a counterfeit drug, that is, Alprazolam tablets that bore a counterfeit mark, that is, the word "XANAX," in violation of 18 U.S.C. § 2320(a)(4); all in violation of 18 U.S.C. § 2320(a) and (b)(3).

## COUNT 3
### Distribution of a Controlled Substance

On or about January 24, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and
GARY LEE JONES,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, Alprazolam.

## COUNT 4
### Distribution of a Controlled Substance

On or about February 11, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and
GARY LEE JONES,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, Alprazolam.

## COUNT 5
### Trafficking in a Counterfeit Drug

On or about February 11, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and
GARY LEE JONES,**

did intentionally traffic in a counterfeit drug, that is, Alprazolam tablets that bore a counterfeit mark, that is, the word "XANAX," in violation of 18 U.S.C. § 2320(a)(4) and (b)(3).

## COUNT 6
### Possession of a Firearm by a Felon

On or about February 12, 2014, in Palm Beach County, in the Southern District of Florida, the defendant,

**GARY LEE JONES,**

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a ROMARM Rifle, caliber 7.62x39, model GP-WASR 10/63-UF, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.

## COUNT 7
### Distribution of a Controlled Substance

On or about February 26, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

4

**FRANK FIORE,**
**GARY LEE JONES, and**
**ANTHONY CARBONE,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, Alprazolam.

## COUNT 8
### Trafficking in a Counterfeit Drug

On or about February 26, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE,**
**GARY LEE JONES, and**
**ANTHONY CARBONE,**

did intentionally traffic in a counterfeit drug, that is, Alprazolam tablets that bore a counterfeit mark, that is, the word "XANAX," in violation of 18 U.S.C. § 2320(a)(4) and (b)(3).

## COUNT 9
### Distribution of a Controlled Substance

On or about April 29, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and**
**ANTHONY CARBONE,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, Alprazolam.

## COUNT 10
### Trafficking in a Counterfeit Drug

On or about April 29, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and
ANTHONY CARBONE,**

did intentionally traffic in a counterfeit drug, that is, Alprazolam tablets that bore a counterfeit mark, that is, the word "XANAX," in violation of 18 U.S.C. § 2320(a)(4) and (b)(3).

## COUNT 11
### Distribution of Controlled Substances

On or about May 6, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and
ANTHONY CARBONE,**

did knowingly and intentionally distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(E), it is further alleged that this violation involved Schedule III controlled substances, that is, Testosterone Enanthate, Boldenone Undecylenate, and Nandrolone Decanoate.

## COUNT 12
### Distribution of Controlled Substances

On or about May 13, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and
ANTHONY CARBONE,**

did knowingly and intentionally distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(E), it is further alleged that this violation involved Schedule III controlled substances, that is, Testosterone Enanthate, Boldenone Undecylenate, and Nandrolone Decanoate.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, Alprazolam.

## COUNT 13
### Trafficking in a Counterfeit Drug

On or about May 13, 2014, in Palm Beach County, in the Southern District of Florida, the defendants,

**FRANK FIORE and
ANTHONY CARBONE,**

did intentionally traffic in a counterfeit drug, that is, Alprazolam tablets that bore a counterfeit mark, that is, the word "XANAX," in violation of 18 U.S.C. § 2320(a)(4) and (b)(3).

## COUNT 14
### Distribution of Controlled Substances

On or about June 13, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY CARBONE,**

did knowingly and intentionally distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

7

Pursuant to Title 21, United States Code, Section 841(b)(1)(E), it is further alleged that this violation involved Schedule III controlled substances, that is, Testosterone Propionate, Testosterone Isocaproate, Testosterone Decanoate, Testosterone Phenylpropionate, Trenbolone Acetate, Trenbolone Enanthate, Nandrolone Decanoate, and Boldenone Undecylenate.

Pursuant to Title 21, United States Code, Section 841(b)(2), it is further alleged that this violation involved a Schedule IV controlled substance, that is, Alprazolam.

## COUNT 15
### Trafficking in a Counterfeit Drug

On or about June 13, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY CARBONE,**

did intentionally traffic in a counterfeit drug, that is, Alprazolam tablets that bore a counterfeit mark, that is, the word "XANAX," in violation of 18 U.S.C. § 2320(a)(4).

## COUNT 16
### Distribution of Controlled Substances

On or about June 26, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY CARBONE,**

did knowingly and intentionally distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a Schedule I controlled substance, that is, methylenedioxypyrovalerone (MDPV).

Pursuant to Title 21, United States Code, Section 841(b)(1)(E), it is further alleged that this violation involved Schedule III controlled substances, that is, Testosterone Propionate, Testosterone Phenylpropionate, Testosterone Isocaproate, Testosterone Decanoate, Nandrolone Decanoate, Boldenone Undecylenate, Testosterone Cypionate, and Trenbolone Enanthate.

## COUNT 17
### Attempted Possession of a Controlled Substance with Intent to Distribute

On or about July 29, 2014, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANK FIORE and
ANTHONY CARBONE,**

did knowingly and intentionally attempt to possess a controlled substance with the intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine.

## CRIMINAL FORFEITURE

1.  The allegations of Counts 1 through 5 and 7 through 17 are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **FRANK FIORE, GARY LEE JONES**, and **ANTHONY CARBONE**, have an interest.

2.  Upon conviction of any violation of Title 21, United States Code, Sections 846 or 841, as alleged in Counts 1, 3, 4, 7, 9, 11, 12, 14, 16, and 17 of this Indictment, the defendants,

**FRANK FIORE, GARY LEE JONES**, and **ANTHONY CARBONE**, shall forfeit to the United States all of their right, title and interest in any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the aforementioned offenses and any property, real or personal, involved in the aforementioned offenses and any property traceable to such property, pursuant to Title 21, United States Code, Section 853.

3. Upon conviction of any violation of Title 18, United States Code, Section 2320, as alleged in Counts 2, 5, 8, 10, 13, and 15 of this Indictment, the defendants, **FRANK FIORE, GARY LEE JONES**, and **ANTHONY CARBONE**, shall forfeit to the United States all of their right, title and interest in any article, the trafficking of which is prohibited under Title 18, United States Code, Section 2320(a)(4); any property used, or intended to be used, in any manner or part to commit or facilitate the commission of the aforementioned offenses; and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the aforementioned offenses, pursuant to Title 18, United States Code, Sections 2320(c) and 2323.

4. The property to be forfeited includes but is not limited to $24,655 in United States currency, which sum constitutes gross proceeds the defendants derived from the offenses alleged in Counts 1 through 6 and 8 through 16 of this Indictment.

5. The property to be forfeited includes but is not limited to one light blue 1991 Mercedes Benz 560SEL, vehicle identification number WDBCA39E0MA594789, bearing Florida Plate 371-MUM, which automobile was used and intended to be used to commit and facilitate the commission of the offenses alleged in Counts 1, 2, 3, 4̶, 5̶, 7, and 8 of this Indictment.

6.  If any of the forfeitable property described in the forfeiture section of this Indictment, as a result of any act or omission of the defendant,

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third person;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Sections 2320(c) and 2323, Title 28, United States Code, Section 2461, and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| FRANK FIORE,<br>GARY LEE JONES, and<br>ANTHONY CARBONE, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendants.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

___ Miami  ___ Key West
___ FTL   _X_ WPB   ___ FTP

New Defendant(s)      Yes ___   No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect   _____

4. This case will take   10   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to 5 days     ___            Petty      ___
   II   6 to 10 days    _X_            Minor      ___
   III  11 to 20 days   ___            Misdem.    ___
   IV   21 to 60 days   ___            Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   NO
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes:
   Magistrate Case No.   14-8292-JMH and 14-8295-JMH
   Related Miscellaneous numbers:   n/a
   Defendant(s) in federal custody as of   07/29/14
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

/s/ Marc Osborne
_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500796

*Penalty Sheet(s) attached                              REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** FRANK FIORE

**Case No:**

Count #: 1

Conspiracy to Possess Controlled Substances with Intent to Distribute
21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)

\* **Max. Penalty**: at least 5 years' and up to 40 years' incarceration, $5 million fine, at least 4 years' and up to life on supervised release

Count #: 2

Conspiracy to Traffic in Counterfeit Drugs
18 U.S.C. § 2320(a)

\* **Max. Penalty**: 20 years' incarceration, $5 million fine, 3 years' supervised release

Counts #: 3, 4, 7, 9

Distribution of a Controlled Substance
21 U.S.C. § 841(a)(1) and (b)(2)

\* **Max. Penalty**: 5 years' incarceration, $250,000 fine, at least one year and up to life supervised release

Counts #: 5, 8, 10, 13

Trafficking in a Counterfeit Drug
18 U.S.C. § 2320(a)(4)

\* **Max. Penalty**: 20 years' incarceration, $5 million fine, 3 years' supervised release

1

Frank Fiore

Counts #: 11, 12

Distribution of Controlled Substances
21 U.S.C. § 841(a)(1) and (b)(1)(E)

\* **Max. Penalty**: 10 years' incarceration, $500,000 fine, at least 2 years' and up to life on supervised release

Count #: 17
Attempted Possession of a Controlled Substance with Intent to Distribute
21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)

\* **Max. Penalty**: at least 5 years' and up to 40 years' incarceration, $5 million fine, at least 4 years' and up to life on supervised release

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __GARY LEE JONES__

**Case No:**_____

Count #: 1
  __Conspiracy to Possess Controlled Substances with Intent to Distribute__
  __21 U.S.C. §§ 846 and 841(b)(2)__

\* **Max. Penalty**: 5 years' incarceration, $250,000 fine, at least 1 year and up to life on supervised release

Count #: 2
  __Conspiracy to Traffic in Counterfeit Drugs__
  __18 U.S.C. § 2320(a)__

\* **Max. Penalty**: 20 years' incarceration, $5 million fine, 3 years' supervised release

Counts #: 3, 4, 7
  __Distribution of a Controlled Substance__
  __21 U.S.C. § 841(a)(1) and (b)(2)__

\* **Max. Penalty**: 5 years' incarceration, $250,000 fine, at least 1 year and up to life on supervised release

Counts #: 5, 8
  __Trafficking in a Counterfeit Drug__
  __18 U.S.C. § 2320(a)(4)__

\* **Max. Penalty**: 20 years' incarceration, $5 million fine, 3 years' supervised release

Count #: 6
  __Possession of a Firearm by a Felon__
  __18 U.S.C. § 922(g)(1)__

\* **Max. Penalty**: 10 years' incarceration, $250,000 fine, 3 years' supervised release

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ANTHONY CARBONE

**Case No:**

Count #: 1
  Conspiracy to Possess Controlled Substances with Intent to Distribute
  21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)

\* **Max. Penalty**: at least 5 years' and up to 40 years' incarceration, $5 million fine, at least 4 years' and up to life on supervised release

Count #: 2
  Conspiracy to Traffic in Counterfeit Drugs
  18 U.S.C. § 2320(a)

\* **Max. Penalty**: 20 years' incarceration, $5 million fine, 3 years' supervised release

Count #: 7, 9
  Distribution of a Controlled Substance
  21 U.S.C. § 841(a)(1) and (b)(2)

\* **Max. Penalty**: 5 years' incarceration, $250,000 fine, at least one year and up to life supervised release

Counts #: 8, 10, 13, 15
  Trafficking in a Counterfeit Drug
  18 U.S.C. § 2320(a)(4)

\* **Max. Penalty**: 20 years' incarceration, $5 million fine, 3 years' supervised release

Counts #: 11, 12, 14
  Distribution of Controlled Substances
  21 U.S.C. § 841(a)(1) and (b)(1)(E)

\* **Max. Penalty**: 10 years' incarceration, $500,000 fine, at least 2 years' and up to life on supervised release

1

**Anthony Carbone**

Count #: 16
 Distribution of Controlled Substances
 21 U.S.C. § 841(a)(1) and (b)(1)(C)

\* **Max. Penalty**: 20 years' incarceration, $1 Million fine, at least 3 years' and up to life on supervised release

Count #: 17
 Attempted Possession of a Controlled Substance
 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)

\* **Max. Penalty**: at least 5 years' and up to 40 years' incarceration, $5 million fine, at least 4 years' and up to life on supervised release